UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID E. BOWERS,

        Petitioner,

  v.                                                                           Case No. 08-C-285

JOHN HUSZ,

        Respondent.

**ORDER**

David Bowers filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state confinement was imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Bowers' claims are not a model of clarity. To the extent he challenges his 2001 conviction, such claims are clearly time-barred under 28 U.S.C. § 2244(d). It appears, however, that his habeas petition challenges a more recent revocation. The gist of his brief is that unnamed state employees improperly used "unauthorized treatment information to self incriminate and deprive liberty."

(Petitioner Br. at 4.) He complains that he has not been charged with a new crime and that the revocation violates the Double Jeopardy Clause of the Constitution. He further cites the Thirteenth Amendment's prohibition on slavery. The Thirteenth Amendment is not applicable to Bowers' claim, however, and the mere fact that he was revoked without committing a new "crime" does not raise Double Jeopardy problems.

Although it appears that Bowers is challenging the constitutionality of his present confinement and / or the calculation of his release date, his basis for doing so is either unfounded (as discussed above) or unclear. Also unclear is Bowers' attempt to exhaust applicable state remedies. Accordingly, I will direct Bowers to file a brief amended petition in which he sets forth: (1) which form of confinement he is challenging – a revocation, criminal sentence or otherwise; (2) why he alleges that confinement violates the Constitution; and (3) whether, and how, he has exhausted state court remedies for challenging that confinement.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

**IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is **GRANTED**. Petitioner is to file an amended petition in accordance with the above within 30 days of the date of this order.

Dated this   7th   day of April, 2008.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge